IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HIRSCH FRIEDMAN
and JANE E. FRIEDMAN,

    Plaintiffs,

  v.

BLUE CROSS AND BLUE SHIELD
OF GEORGIA, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:06-CV-0142-TWT

OPINION AND ORDER

This is an action for medical benefits governed by ERISA. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 30], which is GRANTED.

I. BACKGROUND

In 2001, Jane Friedman was an employee of AMG Network. She was a participant in the BlueChoice PPO Health Plan employee welfare benefit plan offered by AMG to its employees. The Plan was underwritten by Blue Cross and Blue Shield of Georgia, Inc. ("BCBS"). The Plan outlined the scope of coverage, and controlled when and how coverage terminated. During the existence of the Plan there were problems on more than one occasion relating to AMG's late payments of premiums.

When the August 2001 premium was not paid, BCBS sent notice to AMG that it was terminating the Plan as authorized by the Agreement. Jane Friedman's coverage terminated when the Plan terminated. Though AMG later submitted a monthly premium, BCBS claims that it attempted to refund the money even though it would have been entitled to retain the money for coverage it provided during the grace period.

Although the Complaint is confusing, it appears that the Plaintiff, Jane Friedman, is alleging that BCBS made false and fraudulent allegations that resulted in Mrs. Friedman's denial of coverage. The denial of coverage caused Mrs. Friedman's suffering and reduced her quality of life, which resulted in her husband Hirsch Friedman's loss of consortium with his wife. The Plaintiffs allege violations of state law. In a previous Order, this Court ruled that both Jane and Hirsch Friedman's state law claims are preempted by ERISA. <u>Friedman v. Blue Cross and Blue Shield of Georgia, Inc.</u>, No. 1:06-cv-0142-TWT (N.D. Ga. Sept. 6, 2006). Thus, the Court will treat the Plaintiffs' claims as ERISA claims. The Plaintiff does not bring her claim on behalf of AMG, but rather, she brings it as an individual against BCBS.

## II.  MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  DISCUSSION

The issue before the Court is not whether AMG harmed the Plaintiff, but rather, did BCBS properly terminate its contract with AMG?  The answer is yes.  Thus, the denial of benefits was not "wrong" under the Eleventh Circuit's *de novo* standard of review.  See HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982 (11th Cir. 2001); Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1134 (11th Cir. 2004).  Article 6(1) of the BlueChoice PPO Master Contract specifically authorizes automatic termination of the contract between AMG and BCBS if the late-

payment is not received within the 31-day grace period.  (Def.'s Mot. for Summ. J., Ex.A-1, at 6).  Thus, Jane Friedman's coverage was properly terminated. Because Hirsch Friedman's claim is a derivative claim, his claim rises and falls with his wife's claim.  The Plaintiffs, in their response to the motion for summary judgment, do not address the question of preemption.  They simply reiterate their state law claims, and make no effort to address the arguments raised by the Defendant.  They do not cite any cases, and make reference to one Georgia statute.  In other words, they have not meaningfully engaged the bulk of the Defendant's detailed motion for summary judgment.  In addition, the Plaintiffs' action is time barred.  The Master Contract states that a Member cannot file any legal action after three years from the time the claim was due.  (Def.'s Mot. for Summ. J., Ex. A-1, at 4).  This action was filed over four years after Jane Friedman submitted her last claim.

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 30] is GRANTED.

SO ORDERED, this 5 day of July, 2007.

                    /s/Thomas W. Thrash
                    THOMAS W. THRASH, JR.
                    United States District Judge